The denial of the motion for a new trial was not error.
 DECIDED APRIL 28, 1945. REHEARING DENIED MAY 15, 1945.
H. O. Epting, a real-estate broker, sued Mrs. Cora L. Brightwell and two of her children to recover $362.50 as a commission for obtaining a buyer, able and willing to buy, and who actually offered to buy, certain real estate owned by the defendants. The petition alleged that on February 28, 1944, the defendants placed in the petitioner's hands for sale, at the price of $9500, certain described real estate owned by the defendants; that on the same day the *Page 465 
petitioner sold the property to C. M. Ridlehuber, a customer, able and willing to buy it, and who offered to pay $9500 in cash for it, and that he promptly notified the defendants of the sale and requested them to make title to said purchaser according to their agreement of February 28, 1944; that the defendants thereafter refused to make such title; that they agreed to pay him $362.50 as his commission for obtaining such a purchaser, but have failed and refused to do so. The sales contract signed by Epting and the buyer of the property recited that Epting had received from the buyer $100 as a part of the purchase-money for the property, and also recited: "The buyer agrees to give $400 more binder to H. O. Epting Co. on the date this contract is signed by the sellers, and he is to receive 5% [interest] on this money until date of closure;" and contained the following agreements: "I hereby agree to purchase the above described property on terms and conditions above named. C. M. Ridlehuber, purchaser. Witness, W. E. Hopkins; I hereby approve of the above-mentioned sale on the terms and conditions named and agree to pay H. O. Epting Co., agents, on the date formal transfer is made, a commission of three hundred sixty-two and 50/100 dollars. Mrs. Cora L. Brightwell; Jane B. Taft; Charles P. Brightwell. Witness: W. E. Hopkins; Mary Anne Lambert."
The defendants in their answer denied owing the plaintiff any amount, and stated their main contention as follows: "Their approval of said sale was on the terms and conditions set forth therein as shown by the approval, that is, among other things, the said Ridlehuber would, on the date they signed same, pay $400 more as binder or down payment; that said approval by these defendants and the said covenant by said Ridlehuber were dependent covenants; that Ridlehuber breached his covenant by failing to make said payment, thereby releasing these defendants of the binding force of all dependent covenants, including the approval of said sale, so that there being no binding contract of sale they are not liable to petitioner for any commissions."
The jury returned a verdict in favor of the plaintiff for the amount sued for; the motion for a new trial was overruled, and that judgment is assigned as error.
The undisputed *Page 466 
evidence showed the following facts: The defendants employed the plaintiff as their agent to sell the property in question for $9500; the plaintiff procured a customer who was ready, able, and willing to buy, and who actually offered to buy the property for said sum; that the plaintiff was to receive as his commission the sum of $362.50. The evidence, although in sharp conflict, further authorized the jury to find that Ridlehuber had made a timely tender of the additional binder of $400 to the plaintiff (the agent of the defendants) and that the tender was waived by the plaintiff, and subsequently waived by the defendants. The evidence further authorized a finding that the defendants breached their contract of sale because, after signing it, they had received through another real-estate broker an offer of $10,500 for the property. In our opinion the evidence amply authorized the verdict. Under the foregoing rulings, none of the special grounds of the motion for new trial shows cause for a reversal of the judgment.
Judgment affirmed. MacIntyre and Gardner, JJ., concur.